IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
DAVID GARCIA, etc.,              )
                                 )
              Plaintiff,         )
                                 )
    v.                           )    No. 06 C 4340
                                 )
CITY OF CHICAGO, et al.,         )
                                 )
              Defendants.        )
```

MEMORANDUM ORDER

Chicago Police Officer Margaret Hopkins ("Hopkins"), one of the defendants in this 42 U.S.C. §1983 ("Section 1983") action brought against her and other defendants by Ronell Garcia on behalf of her minor son David, has filed her Answer and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") under seal. This memorandum order, which need not also be under seal because it does not disclose any of Hopkins' substantive responses, is issued sua sponte to require the correction of a few basic pleading flaws.

To begin with, even though Hopkins' counsel has in a number of instances tracked the second sentence of Fed. R. Civ. P. ("Rule") 8(b) faithfully so as to get the benefit of deemed denials, in other instances Hopkins' disclaimer of knowledge or information lacks the added--and critical--disclaimer of the ability to form a <u>belief</u>--see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly all paragraphs of the Answer that lack the requisite

disclaimer knowledge are stricken, but with leave granted to replead those paragraphs of the Answer.

In addition, some of Hopkins' everything-but-the-kitchen-sink ADs (of which she asserts no fewer than 13) are problematic. Here are those that require further consideration:[1]

    1. AD 1 is stricken because it is at odds with the basic principles embodied in Rule 8(c) and the caselaw applying it--see App. ¶5 to State Farm, 199 F.R.D. at 279. Because AD 1 is grounded in a different view of the facts from that portrayed in the FAC, this is not a case in which qualified immunity can be resolved at this threshold stage of the proceedings (see Saucier v. Katz, 533 U.S. 194 (2001)).

    2. ADs 6 through 10 and 12 look to Illinois statutes as purported defenses to all of the claims alleged in the FAC (unlike ADs 4 and 5, which invoke Illinois statutory provisions only as to all state law claims). That is simply wrong, and Hopkins' counsel must go back to the drawing board to amend ADs 6 through 10 and 12 appropriately.

    3. AD 11, like AD 1, contradicts allegations of the FAC and is accordingly not a proper AD. It too is stricken. Any amendment to Hopkins' Answer and ADs to conform to this

---

[1] This Court does not seek to be comprehensive in this respect. If plaintiff's counsel considers other ADs to be flawed, that subject may be raised by an appropriate motion.

opinion must be filed on or before April 20, 2007. Failure to do so will result (1) in the admission of all allegations of the FAC as to which the Answers are flawed and (2) in the elimination of the uncorrected ADs.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 9, 2007